UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA COLANGELO, | : |
| 1617 Electric Street | : |
| Dunmore, PA 18509 | : |
|     Plaintiff | : 3:09-CV- |
| | : |
| vs. | : |
| | : |
| LACKAWANNA COUNTY, | : |
| 200 Adams Avenue | : CIVIL ACTION - LAW |
| Scranton, PA 18503 | : |
| | : |
|     and | : |
| | : |
| LACKAWANNA COUNTY | :[Electronically Filed] |
| COMMISSIONERS, O'Brien, | : |
| Munchak and Washo | : |
|     Defendants/Employers | : |
| | : JURY TRIAL DEMANDED |

**COMPLAINT**

I. INTRODUCTION

1.  Plaintiff, Barbara Colangelo, brings this action for monetary damages and equitable relief to remedy the deprivation of her rights secured by the Age Discrimination in Employment Act (hereinafter referred to as the "ADEA"), 42 U. S. C. §621 et. seq., and the Pennsylvania Human Relations Act (hereinafter referred to as the "PHRA"), (Act of October 27, 1955 PL 744 as amended), 43 Pa. C.S.A. §951 et. seq.. Specifically, Plaintiff alleges that she was discriminated against as a result of her age by the Defendant,

Lackawanna County, and their agents/ servants/ employees, Commissioner

O'Brien,  Commissioner Washo and Commissioner Munchak.

## II.  <u>JURISDICTION AND VENUE</u>

2.  Jurisdiction in this civil action is conferred on this Court by the

ADEA  and 28 U.S.C.A.  § § 1331 and 1343.  The Court's supplemental and

pendant jurisdiction under 28 U.S.C. § 1367 is invoked over Plaintiff's claims

under the Pennsylvania Human Relations Act.

3.  Plaintiff, Barbara Colangelo, filed a Complaint with the Equal

Employment Opportunity Commission (EEOC) alleging that Defendant

discriminated against her on account of her age.  The same was assigned

charge number, 530200802981.  At that same time, Plaintiff requested that

the EEOC dual file her charge with the Pennsylvania Human Relations

Commission (PHRC).  Once the matter was dual filed, the PHRC assigned it

Case Number 200900537.

4.  Plaintiff, Barbara Colangelo, was issued a "right to sue" letter from

the EEOC, dated October 27, 2009, allowing Plaintiff ninety (90) days to file a

lawsuit.

2

5.  Plaintiff, Barbara Colangelo, was issued a "right to sue" letter form the PHRC on November 17, 2009, in accordance with 43 Pa. C.S.A. §962(c).

6.  Plaintiff, Barbara Colangelo, has complied fully with all prerequisites for jurisdiction in this Court under Title VII and the PHRA by fully exhausting her administrative remedies.

7.  The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

8.  Venue is appropriate in the Middle District of Pennsylvania, United States District Court, pursuant to 28 U.S.C. §1391 in as much as the events giving rise to the claims alleged herein, occurred within the Middle District of Pennsylvania, as more specifically described below, 28 U.S.C. § 1391(b).

## III. PARTIES

9.  Plaintiff, Barbara Colangelo, is an adult individual and citizen of the United States, currently residing at 1617 Electric Street, Dunmore, Pennsylvania, Lackawanna County.

10.  Defendant, Lackawanna County, is a political subdivision of the Commonwealth of Pennsylvania, operating pursuant to Pennsylvania law and maintaining a principal place of business at 200 Adams Avenue, Scranton,

Lackawanna County, Pennsylvania.  The County is a Governmental entity

controlled by three (3) County Commissioners, to wit Commissioner(s)

O'Brien, Washo and Munchak.

## IV. FACTUAL ALLEGATION

11.  From 1986 to 2008, Colangelo worked for Lackawanna County.

12.  During Colangelo's employment with the County, from 1985 to

2008, Colangelo performed in a loyal and consistent manner and was an

exemplary employee.  At the time she was terminated and/or not hired, and/or

not interviewed, Colangelo was sixty (60) years old.

13.  Colangelo's date of birth is January 5, 1948.

14.  At all times relevant hereto, Colangelo was over the age of forty

(40).

15.  Colangelo worked for Lackawanna County for twenty-two (22) years.

Her last job title was Director of Historic Facilities.  Colangelo earned

approximately Sixty Thousand ($60,000.00) Dollars a year with additional

benefits.  Colangelo worked in this capacity from January 2004 to January 2008.

Prior to that, Colangelo worked as Manager of Sales and Marketing for Eighteen

(18) years for Lackawanna County.

16.   On or about December 3rd or December 4th of 2007, Colangelo was asked to submit a job description, for her position, to the Lackawanna County Commissioners.  Colangelo timely completed this document as requested.  On December 8, 2007, Colangelo received a telephone call from Liz Randol.  This was on a Saturday at her home.  Randall told Colangelo her job was going to be "posted".  Colangelo was told she was "welcome"  to "re-apply" for her job with no "guarantees".  Liz Randol is the Chief of Staff for Lackawanna County.

17. On December 11, 2007, Colangelo's job was also advertised in the local newspaper, The Scranton Times.  Colangelo's job was noted to be available as "Deputy Director for Historic Facilities".  The jobs and duties were the same and/or substantially similar to Colangelo's role as "Director of Historic Facilities".

18.   On December 15, 2007, Colangelo submitted her application and resume to the appropriate County Office for consideration.  Colangelo eagerly waited to be interviewed, confident in the interview process and confident she would be rehired.

19.   By January 3, 2008, Colangelo had not received a call from the County asking to interview for her position.  Colangelo found this odd as she had performed her job in a exceptional manner for four (4) years prior and consistently received merit raises and letters of commendation for her work from her peers as well as State and National recognition for the projects that she was involved in

5

while employed by the County.

20.  Colangelo then called Mike Washo's secretary, "Jen".  Jen directed Colangelo to the County Transition Office.  Colangelo called the County Transition Office and spoke to Joanne Granza.  Colangelo asked about her resume and was told her resume "is on file".  Colangelo told Joanne that she did not receive a phone call for an interview.  Joanne indicated to Colangelo that if she did not receive a phone call for an interview, Colangelo will receive a telephone call explaining her "why not".

21.  To the best of Colangleo's knowledge, information and belief, Colangelo was the oldest applicant for the position.  Colangelo was also the best qualified in terms of prior experience yet she was never interviewed for this position.

22.  On January 6, 2008, a Sunday, while at home, at approximately 10:00 a.m., Colangelo received a phone call from Liz Randol.  Colangelo was off work utilizing her sick leave, at that time, due to an elbow injury.  Randol told Colangelo that she has "an impressive resume" but, "as of noon tomorrow, you are terminated".  Colangelo inquired about collecting unemployment compensation and was told, "I do not know" by Ms. Randol.  Colangelo requested to return to her old position or any other position within the County and was again told, "I do not know".  Randol also told Colangelo her "termination letter was in the mail".

Colangelo subsequently received a termination letter from the County.

23. With knowledge of Plaintiff's qualifications, and despite them, Defendant in or around January of 2008, hired a younger individual to perform Plaintiff's position and failed to even consider Colangelo or interview Colangelo for her position due to her age.

24. The individuals hired by Defendant, were younger and less qualified than Plaintiff. Other County workers, in similar Department Head positions, were also not hired back by the County or interviewed for their positions. To the best of Colangelo's knowledge, information and belief, they were over the age of forty-five (45).

25. Colangelo was more qualified than the successful candidate(s), because of her prior successful experience performing the identical position for the County.

26. Colangelo believes and avers that a motivating factor for her not being interviewed and/or hired was her age.

27. Defendant discriminated against Colangelo with respect to the terms, conditions and/or privileges of her employment because of Colangelo's age, sixty (60).

28.  Colangelo was not hired as a result of her age, in violation of the ADEA and PHRA.

29.  The ADEA and the PHRA prohibits age discriminatory acts by employers, including both intentional acts and acts that cause disparate impact and/or discrimination.

## COUNT I
## Barbara Colangelo v. Lackawanna County/Lackawanna County Commissioners, O'Brien, Munchak and Washo
## Age Discrimination in Employment Act - Discrimination

30.  Colangelo incorporates paragraphs one (1) through twenty-nine (29) by reference as if the same were set forth at length.

31.  Colangelo was over the age of forty (40) when Defendant failed to hire her.

32. Colangelo was qualified for the position with Defendant having performed the position for four (4) years in an exceptional manner.

33.  While Defendant failed to hire Plaintiff, it did hire other individual(s) that were all less qualified than Plaintiff and under the age of forty on the day they began employment with Defendant in January of 2008.

34.  Defendant discriminated against Plaintiff on the basis of her age, and in violation of the ADEA.

35.  Age was a factor considered by Defendant in making the decision to not hire Colangelo or interview Colangelo.

36.  The above-mentioned acts were recklessly indifferent to Plaintiff's protected rights and justify the imposition of punitive damages.

## COUNT II
### Barbara Colangelo v. Lackawanna County/Lackawanna County Commissioners, O'Brian, Munchak and Washo
### PA Human Relations Act - Discrimination

37.  Colangelo incorporates paragraphs one (1) through thirty-six (36) by reference as if the same were set forth at length.

38.  Colangelo was over the age of forty (40) when Defendant failed to hire her.

39.  Colangelo was qualified for the position with Defendant having performed the position for four (4) years prior in an exceptional manner.

40.   While Defendant failed to hire Colangelo, it did hire other individual(s) that were all less qualified than Colangelo and under the age of forty on the day they began employment with Defendant in January of 2008.

41.   Defendant discriminated against Colangelo on the basis of his age, in violation of the PHRA.

42.  Age was a factor considered by Defendant in making the decision to not hire Colangelo or interview Colangelo.

43.  The above-mentioned acts were recklessly indifferent to Plaintiff's protected rights and justify the imposition of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment against Defendant as follows:

1.  Order Defendant to make Colangelo whole by providing her with appropriate past and future lost earnings and benefits, with pre-judgment interest in amounts to be provided at trial, and other affirmative relief necessary to eradicate the effects of the Defendants unlawful employment practices;

2.  Award Colangelo liquidated damages against the Defendant for their reckless disregard of the ADEA;

3.  Award Colangelo costs and attorney's fees as permitted by the various statutes;

4.  Award Colangelo punitive damages, under the applicable statutes, against the Defendant for their unreasonable and outrageous conduct and for their intentional conduct, which was willful, wanton, reckless and egregious;

5.  Grant such additional or alternative relief as may appear to the Court to be just and equitable;

6.  Grant Colangelo compensation for damages to include the loss of her wages at the estimated rate of Sixty Thousand ($60,000.00) Dollars a year, loss of health insurance, including dental, vision and prescriptions, loss of 401(k)/IRA contributions, and loss of sick time, personal time and violations; and

7.  Enjoin the Defendant from engaging in such conduct in the future.

Respectfully submitted,

The Employment Discrimination Center
c/o O'Malley & Langan, P.C.


_Mary Walsh-Dempsey /s_
Mary Walsh-Dempsey, Esquire
Attorney ID # 61963
mdempsey@omalleylangan.com

_Christina T. Novajosky /s_
Christina T. Novajosky, Esquire
Attorney ID # 77525
cnovajosky@omalleylangan.com

Mulberry Professional Plaza
426 Mulberry Street
Suite 104
Scranton, PA 18503
570-344-2667