## IN THE UNITED STATES FOR THE DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARBARA COLANGELO,** | : | |
| **1617 Electric Street** | : | |
| **Dunmore, PA 18509** | : | |
| | : | |
| | : | |
| | : | **NO. 3:09-CV-02377** |
| **v.** | : | |
| | : | |
| **LACKAWANNA COUNTY;** | : | |
| **LACKAWANNA COUNTY** | : | |
| **COMMISSIONERS, WASHO,** | : | |
| **O'BRIEN, AND MUNCHAK** | : | |

BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) OF DEFENDANTS LACKAWANNA COUNTY, & LACKAWANNA COUNTY COMMISSIONERS, O'BRIEN, MUNCHAK AND WASHO

## TABLE OF CONTENTS

Table of Authorities ................................................................................. iii

I. Background ......................................................................................... 1

II. Statement of Undisputed Facts ........................................................ 1

III. Question Presented ......................................................................... 4

IV. Standard of Review ......................................................................... 6

V. Legal Argument ................................................................................ 8

    A.    Count I of Plaintiff's Complaint Alleging Age Discrimination
               Under the ADEA Must Be Dismissed Against Individuals
               Because the ADEA Does Not Recognize Such a Claim ..................... 8

    B.    Defendants, County Commissioners are Immune from Plaintiff's
               Claims Pursuant to the Doctrine of  Absolute Legislative
               Immunity ......................................................................... 9

    C.    Plaintiff's Claims Against Defendants Are Barred By the
               Doctrine of Qualified Immunity ........................................... 13

    D.    Plaintiff Is Not Entitled To Punitive Damages Against A
               Municipality Or Public Officials Acting In Their Official
               Capacity Under the PHRA or the ADEA ............................ 16

    E.    Count II of Plaintiff's Complaint Fails to State a Cognizable
               Claim for Violation of the Pennsylvania Human Relations Act ........ 18

    F.    Defendant Lackawanna County Should be Dismissed Because
               Plaintiff Has Failed To State A Claim for Which Relief Can Be
               Granted. ........................................................................... 20

    G.    The Claims Asserted Against the Lackawanna County
               Commissioners Should Be Dismissed Because They Are
               Duplicative Of, And Redundant To, The Claims Asserted
               Against Lackawanna County ............................................... 20

H.    As Public Officials, the Names of Commissioners O'Brien, Washo and Munchak Should Be Stricken From the Caption ........... 21

VI. Conclusion ...................................................................................... 22

## **Table of Authorities**

Abdul-Akbar v. Watson,
  4 F.3d 195, 201-02 (3d Cir. 1993) ...................................................................... 13

Ashcroft v. Iqbal,
  129 S.Ct. 1937, 1949 (2009) ........................................................................... 6, 7

Baraka v. McGreevey,
  481 F.3d 187, 2007 U.S. App.  LEXIS 6459, 25I.E.R. Cas. (BNA) 1512,
  154 Lab. Cas. (CCH) P 60382 (3d Cir. N.J. 2007) .............................................. 9

Bayer v. Monroe County Children and Youth Services,
  577 F.3d 186 (3d Cir. 2009) ............................................................................. 14

Bell Atlantic Corp. v. Twombly,
  550 U.S. 544, 555 (2007) ........................................................................ 6, 7, 19

Bogan v. Scott-Harris,
  523 U.S. 44, 54, 118 S. Ct. 966, 140 L. Ed. 2d 79 1998
  U.S. LEXIS 1596, (1998) ............................................................................. 9, 10

Bright v. Westmoreland County,
  380 F.3d 729, 735 (3d Cir. 2004) ...................................................................... 7

City of Newport v. Fact Concerts,
  101 S.Ct. 2748, (1981) .................................................................................... 16

Conley v. City of Erie,
  2006 U.S. Dist. LEXIS 27495 (D. Pa. 2006) ............................................... 10, 11

Conley v. Gibson,
  355 U.S. 41 (1957) ............................................................................................ 6

Copenhaver v. Borough of Bernville,
  2003 U.S. Dist. LEXIS 1315, **16-18, No. 02-8398 (E.D. Pa. Jan.9, 2003) ..... 20

Davis v. Levy, Angstreich, Finney, Baldante, Rubenstein & Coren, P.C.,
  20 F. Supp. 2d 885, 887 (E.D. Pa. 1998) ......................................................... 18

Ford v. Veterinary Centers of America, Inc.,
    2001 WL 1152948 (E.D. Pa.) ............................................................... 17

Good v. Dauphin County Social Services for Children and Youth,
    891 F.2d 1087, 1092 (3d Cir. 1989)...................................................... 15

Gruenke v. Seip,
    225 F.3d 290, 299 (3d Cir. 2000)........................................................ 15

Harlow v. Fitzgerald,
    457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396,
    1982 U.S. LEXIS 139 (1982) .............................................................. 13

Herman v. County of Carbon,
    2009 U.S. Dist. LEXIS 27385, 13-15 (D. Pa. 2009) ........................... 16

Hill v. Borough of Kutztown,
    455 F.3d 225, 2006 U.S. App. LEXIS 18708,
    98 Fair Empl. Prac. Cas. (BNA) 942 (3d Cir. Pa. 2006) ...................... 8

Horwitz v. Bd. of Educ. of Avoca Sch. Dist. No. 37,
    260 F.3d 602, 610 n.2 (7th Cir. 2001) ................................................. 8

Kachmar v. SunGard Data Sys., Inc.,
    109 F.3d 173, 184 (3d Cir. 1997)........................................................ 8

Kentucky v. Graham,
    105 S.Ct. 3099, (1985) ...................................................................... 17

Kolstad v. American Dental Association,
    527 U.S. 526, 536 (1999).................................................................... 17

McMillian v. Monroe County,
    520 U.S. 781, 785 n. 2 (1997)............................................................. 21

Papasan v. Allain,
    478 U.S. 265, 286) ....................................................................... 7, 19

Pearson v. Callahan,
    129 S. Ct. 808 (2009) ................................................................ 14

Rogan v. Giant Eagle, Inc.,
    113 F. Supp. 2d 777, 782 (W.D. Pa. 2000) ................................ 8

Ryan v. Burlington County,
    N.J., 889 F.2d 1286, 1290 (3d Cir. 1989) .................................. 9

Satterfield v. Borough of Schuylkill Haven,
    12 F. Supp. 2d 423, 431 (E.D. Pa. 1998) .................................. 20

Saucier v. Katz,
    533 U.S. 194, 200 (2001) ..................................................... 13, 14

Smith v. Lomax,
    45 F.3d 402, 403 n. 4 (11th Cir.1995) ....................................... 8

Smith v. Wade,
    461 U.S. 30, 56, 103 S. Ct. 1625, 75 L.Ed. 2d 632 (1983) ........ 17

Sutton v. Rasheed,
    323 F.3d 236, 258 (3d Cir. 2003) ............................................ 13

Tenney v. Brandhove,
    341 U.S. 367, 376, 71 S. Ct. 783, 95 L. Ed. 1019 (1951) ......... 9

Wilson v. Layne,
    526 U.S. 603, 609 (1999) ..................................................... 13, 14

Youngblood v. DeWeese,
    352 F.3d 836, 840 (3d Cir. 2003) ............................................ 10

## I.     BACKGROUND

On March 30, 2009, the Plaintiff, Barbara Colangelo, dually filed a charge of discrimination with the Pennsylvania Human Relations Commission ("PHRC") and the Equal Employment Opportunity Commission ("EEOC"). On June 12, 2009, Defendant filed its Answer and Position Statement in response to Plaintiff's Charge of Discrimination. On October 27, 2009, the EEOC dismissed Plaintiff's Charge of Discrimination stating it was "unable to conclude that the information obtained establishe[d] violations of the statue." See Dismissal and Notice of Right to Sue Letter as Exhibit "E."

On December 14, 2009, Plaintiff filed a complaint in this Court seeking monetary relief for her termination from employment with Lackawanna County. Defendants have waived service and herein seeks dismissal of the Complaint for failure to state a claim or cause of action for which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). The Plaintiff purports to assert causes of action for alleged age discrimination in violation of the ADEA and the PHRA. Defendants move to dismiss the Complaint in its entirety.

## II.    STATEMENT OF UNDISPUTED FACTS

For purposes of this Federal Rule of Civil Procedure 12(b)(6) motion only, and without prejudice the defendants accept the following of the Plaintiff's allegations as true. Plaintiff was hired by Lackawanna County in 1986.  See a copy

of Plaintiff's Complaint as Exhibit "A," (Doc. 1) at ¶ 11. Plaintiff's last position was Director of Historic Facilities.  (Id. at ¶15). Plaintiff contends that she was informed that her job was being posted and that she was welcomed to re-apply. (Id. at ¶16). Plaintiff contends that she submitted her application to the appropriate County Office for consideration. (Id. at ¶18).

In 2007 Commissioners O'Brien, Munchak and Washo faced the daunting task of balancing Lackawanna County's budget where debt servicing payments skyrocketed, healthcare costs were increasing, and Lackawanna County suffered a reduction in revenue due to economic conditions.  See Lackawanna County Fall Newsletters as Exhibit "B",  Winter Newsletter as Exhibit "C" and County of Lackawanna 2009 Financial Outlook and Results as  Exhibit "D."  Unfortunately, the country has been experiencing a recession.  The recession has affected federal, state and local governments thereby causing them to engage in various cost saving measures. Lackawanna County, by and through its County Commissioners, engaged in its own cost-cutting measures. See Exhibit "C." As a result of the cost-cutting measures employed by Lackawanna County, in the service year of 2008-2009, Lackawanna County had to restructure its workforce. Id.

Due to budget constraints and cost-cutting measures employed as a legislative act by Defendant Commissioners, Lackawanna County reduced its workforce in January of 2008 by approximately 30 employees. See County of

Lackawanna Resolution date January 7, 2008 and Lackawanna County Meeting Minutes for January 7, 2008, Meeting as Exhibit "F." See also Ordinance which enacted the 2008 Lackawanna County Budget as Exhibit "G." On or around January 7, 2008, Plaintiff was separated from her employment with Lackawanna County.  (Id. at ¶22). On the same day  Plaintiff was separated from her employment, the Lackawanna County Board of Commissioners, including Defendants Munchak, O'Brien, and Washo, adopted a resolution instituting a hiring freeze across Lackawanna County.  See County of Lackawanna Resolution date January 7, 2008 and Lackawanna County Meeting Minutes for January 7, 2008, Meeting as Exhibit "F." As a result of the hiring freeze, vacant positions in Lackawanna County government would not be filled. Id. The January 2008 reduction of workforce included eliminating Plaintiff's position of Director of Historic Facilities. Id.

The Lackawanna County workforce was further reduced in April of 2008 and again in November of 2008.  With attrition, a total of 96 positions, or 6% of Lackawanna County's workforce, were eliminated in 2008.  See Exhibit "C". The reductions took place in 2008 so that financial savings would occur in 2009. Id.

Plaintiff contends that she was qualified for the position having performed the position for four (4) years. Plaintiff contends that she was the oldest applicant

for the position. (Doc 1 at ¶21). Plaintiff contends that she was not hired as a result of her age, sixty (60). (Id. at ¶27).

Based upon the foregoing averments of fact, Plaintiff purports to assert two causes of action. In Count I, Plaintiff purports to assert a claim against all Defendants for the alleged violation of the Age Discrimination in Employment Act. In Count II, Plaintiff purports to assert a claim against all Defendants for the alleged violation of the Pennsylvania Human Relations Act based on age discrimination. Plaintiff admits that her termination was due to acts of the Commissioners. (Id. at ¶10).

## III. QUESTIONS PRESENTED:

**A. WHETHER COUNT I OF PLAINTIFF'S COMPLAINT AGAINST THE INDIVIDUAL DEFENDANTS MUST BE DISMISSED BECAUSE THE ADEA DOES NOT ALLOW A CAUSE OF ACTION TO LIE AGAINST AN INDIVIDUAL?**

[SUGGESTED ANSWER: YES]

**B. WHETHER LACKAWANNA COUNTY COMMISSIONERS ARE ENTITLED TO ABSOLUTE IMMUNITY TO PLAINTIFF'S CLAIMS WHERE THE COMMISSIONERS ACTED WITHIN THE SCOPE OF THEIR ROLES AS PUBLIC OFFICIALS AND DID NOT VIOLATE A CLEARLY ESTABLISHED CONSTITUTIONAL RIGHT?**

[SUGGESTED ANSWER: YES]

**C. WHETHER LACKAWANNA COUNTY COMMISSIONERS ARE ENTITLED TO QUALIFIED IMMUNITY TO PLAINTIFF'S CLAIMS WHERE THE COMMISSIONERS ACTED WITHIN THE SCOPE OF THEIR ROLES AS PUBLIC**

**OFFICIALS AND DID NOT VIOLATE A CLEARLY ESTABLISHED CONSTITUTIONAL RIGHT?**

[SUGGESTED ANSWER: YES]

**D.     WHETHER PLAINTIFF'S CLAIM FOR PUNITIVE AND EMOTIONAL DAMAGES AGAINST A MUNICIPALITY OR PUBLIC OFFICIALS ACTING IN THEIR OFFICIAL CAPACITY MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED?**

[SUGGESTED ANSWER: YES]

**E.     WHETHER COUNT II OF PLAINTIFF'S COMPLAINT FAILS TO STATE A COGNIZABLE CLAIM FOR VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT?**

[SUGGESTED ANSWER: YES]

**F.     WHETHER THE COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON RELIEF WHICH MAY BE GRANTED, WHERE THE POSITION HELD BY THE PLAINTIFF WAS ELIMINATED FOR LEGITIMATE NON-DISCRIMINATORY BUDGETARY REASONS?**

[SUGGESTED ANSWER: YES]

**G.     WHETHER THE CLAIMS ASSERTED AGAINST THE LACKAWANNA COUNTY COMMISSIONERS ARE DUPLICATIVE TO THE CLAIMS ASSERTED AGAINST LACKAWANNA COUNTY?**

[SUGGESTED ANSWER: YES]

**H.     WHETHER, AS PUBLIC OFFICIALS,  THE NAMES OF THE INDIVIDUAL LACKAWANNA COUNTY COMMISSIONERS SHOULD BE STRICKEN FROM THE COMPLAINT?**

[SUGGESTED ANSWER: YES]

## IV.   **STANDARD OF REVIEW**

Federal rules of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although this pleading standard does not require "detailed factual allegations," it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (*citing* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  A complaint that offers nothing more than "'labels and conclusions[,]. . . a formulaic recitation of the elements of a cause of action . . .[or] naked assertion[s]' devoid of 'further factual enhancement'" does not meet this standard and should be dismissed.  Iqbal, 129 S.Ct. at 1949 (*citing* Twombly, 550 U.S. at 557).  Thus to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 556 (retiring the "no set of facts" test of Conley v. Gibson, 355 U.S. 41 (1957)).

Under the Twombly/Iqbal paradigm, a court must engage in a two-step inquiry to determine the sufficiency of the factual matter alleged.  First, the court must identify and disregard allegations that are nothing more than legal conclusions and, therefore, "not entitled to the assumption of truth." Iqbal, 129

S.Ct. at 1950.  Indeed, as both  Twombly and Iqbal made clear, a court need not

consider allegations in the complaint that constitute unsupported legal conclusions,

legal conclusions couched as factual allegations, or conclusory factual allegations

devoid of any reference to actual events.  See Twombly, 550 U.S. at 556

(explaining that "on a motion to dismiss, courts 'are not bound to accept as true a

legal conclusions couched as a factual allegation'") (quoting Papasan v. Allain,

478 U.S. 265, 286)); Bright v. Westmoreland County, 380 F.3d 729, 735 (3d Cir.

2004) ("In ruling on a Rule 12(b)(6) motion, courts can and should reject 'legal

conclusions,' 'unsupported conclusions,' 'unwarranted references,' 'unwarranted

deductions,' 'footless conclusions of law,' and 'sweeping legal conclusions in the

form of actual allegations.'").  Further, '[t]hreadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do no suffice." Iqbal,

129 S. Ct. at 1949.

     The court then must identify the non-conclusory, well-pleaded factual

allegations, "assume their veracity and then determine whether they plausibly give

rise to an entitlement of relief." Id. at 1950.  If the factual allegations, assumed to

be true, are consistent with a claim for relief, that claim must nevertheless be

dismissed if the facts are equally consistent with a finding of no liability.  See Id.

     A court may consider the EEOC charge and related EEOC documents,

including the letter from the EEOC summarizing its investigation, the right to sue

letter, and the intake questionnaire, either as undisputed documents referenced in the complaint or central to the plaintiff's claim, or as information which is a matter of public record, without converting this motion to one summary judgment. <u>Rogan v. Giant Eagle, Inc.</u>, 113 F. Supp. 2d 777, 2000 U.S. Dist. LEXIS 14126 (W.D. Pa. 2000).

Federal Rule of Civil Procedure 12(b)(6) states that a Motion to Dismiss made pursuant to the rule may also be treated as a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and matters outside the pleading may be presented.

## V.   **LEGAL ARGUMENT**

### A.   **Count I of Plaintiff's Complaint Alleging Age Discrimination Under the ADEA Must Be Dismissed Against Individuals Because The ADEA Does Not Recognize Such a Claim.**

Individuals may not be held personally liable under the ADEA, as a matter of law. <u>Hill v. Borough of Kutztown</u>, 455 F.3d 225, 2006 U.S. App. LEXIS 18708, 98 Fair Empl. Prac. Cas. (BNA) 942 (3d Cir. Pa. 2006)**,** citing <u>Horwitz v. Bd. of Educ. of Avoca Sch. Dist. No. 37</u>, 260 F.3d 602, 610 n.2 (7th Cir. 2001); <u>Medina v. Ramsey Steel Co., Inc.</u>, 238 F.3d 674 (5th Cir. 2001); <u>Smith v. Lomax</u>, 45 F.3d 402, 403 n. 4 (11th Cir.1995) (all holding that there is no individual liability under the ADEA). See also <u>Kachmar v. SunGard Data Sys.</u>, Inc., 109 F.3d 173, 184 (3d Cir. 1997) (holding that Congress did not intend to hold individual employees

liable under Title VII, which is parallel to the ADEA in many ways). As such,

claims against the Individual County Commissioners must be dismissed.

**B.** **Defendants County Commissioners Are Immune to Plaintiff's Claims Pursuant to the Doctrine of Absolute Legislative Immunity.**

Absolute legislative immunity attaches to all actions taken 'in the sphere of

legitimate legislative activity.'" Bogan v. Scott-Harris, 523 U.S. 44, 54, 118 S. Ct.

966, 140 L. Ed. 2d 79 1998 U.S. LEXIS 1596, (1998) (quoting Tenney v.

Brandhove, 341 U.S. 367, 376, 71 S. Ct. 783, 95 L. Ed. 1019 (1951)). Legislative

immunity shields from suit not only legislators, but also public officials outside of

the legislative branch when they perform legislative functions. See id. (affording

absolute legislative immunity to a mayor). Baraka v. McGreevey, 481 F.3d 187,

2007 U.S. App. LEXIS 6459, 25I.E.R. Cas. (BNA) 1512, 154 Lab. Cas. (CCH) P

60382 (3d Cir. N.J. 2007). In Ryan v. Burlington County, N.J., 889 F.2d 1286,

1290, 1989 U.S. App. LEXIS 17443 (3d Cir. N.J. 1989), the Third Circuit created

a two-part test which an act must meet in order for absolute legislative immunity to

attach:

> First, the act must be 'substantively' legislative, i.e., legislative in character. Legislative acts are those which involve policy-making decisions of a general scope or, to put it another way, legislation involves line-drawing. Where the decision involves a small number or a single individual, the legislative power is not implicated, and the act takes on the nature of administration. In addition, the act must be 'procedurally' legislative, that is, passed by means of established

> legislative procedures. This principle requires that constitutionally accepted procedures of enacting the legislation must be followed in order to assure that the act is a legitimate, well-reasoned decision representing the will of the people which the governing body has been chosen to serve.

Id. at 1291.

In <u>Bogan v. Scott-Harris</u>, 523 U.S. 44, 140 L. Ed. 2d 79, 118 S. Ct. 966, 1998 U.S. LEXIS 1596 (1998), the Court held that municipal legislators enjoy the same legislative immunity as federal and state legislators. <u>Id</u>. at 49. Thus, municipal officials were immune from a plaintiff's claim that the officials violated her civil rights when they enacted a <u>budget that eliminated her position.</u> <u>Id</u>. at 55. (emphasis added). Though the Court did not outright require an act to be legislative in both "formal character" and substance in order to enjoy immunity, it observed that the budget ordinance in substance "bore all the hallmarks of traditional legislation" because it "reflected a discretionary, policymaking decision implicating the budgetary priorities of the city and the services the city provides to its constituents." <u>Id</u>. at 55-56. <u>Youngblood v. DeWeese</u>, 352 F.3d 836, 840 (3d Cir. 2003).

In <u>Conley v. City of Erie</u>, an employment discrimination action, Plaintiff Erby Conley, the former Public Safety Director for the City of Erie, sued Casimir Kwitowski, the Controller of the City of Erie, James Thompson, a City of Erie Council Member, and the City of Erie. <u>Conley v. City of Erie</u>, 2006 U.S. Dist.

LEXIS 27495 (W.D. Pa. 2006). In 2004, the City Council of Erie passed a budget ordinance that eliminated funding for Mr. Conley's position. Id. The Mayor of the City of Erie asked Mr. Conley to report to work in 2005 promising him that he would be paid. Id. However, when Kwitowksi was asked to authorize Mr. Conley's paycheck in January, 2005, he refused, in part, based on advice from Thompson. Id. The Court granted the motions to dismiss of Kwitowski and Thompson finding that Thompson was entitled to absolute legislative immunity for his conduct in approving the 2005 budget, which eliminated funding for Plaintiff's position. Id.

In the present case, on January 7, 2008, the Lackawanna County Board of Commissioners, including Munchak, O'Brien, and Washo, adopted a resolution instituting a hiring freeze across Lackawanna County. See County of Lackawanna Resolution dated January 7, 2008, as Exhibit "F." Furthermore, on January 30, 2008, the Commissioners adopted a budget that reduced the Lackawanna County workforce. See Ordinance which enacted the 2008 Lackawanna County Budget as Exhibit "G." As a result of the hiring freeze and reduction in workforce, vacant positions in Lackawanna County government would not be filled. Id. On January 7, 2008, the same day the Commissioners instituted the hiring freeze, Plaintiff was terminated. As a result of budget constraints and cost-cutting measures employed as a legislative act by Defendant Commissioners, Lackawanna County reduced its

workforce in January of 2008 by approximately 30 employees. See County of Lackawanna Resolution date January 7, 2008, as Exhibit "F."

As the Lackawanna County hiring freeze and workforce reduction instituted by Defendant Commissioners affected approximately 96 County positions with an aggregate saving of $560,000 in January 2008 alone, it is clear that this cost cutting measure was enacted for the greater welfare of Lackawanna County as a community. See Exhibit "F." Specifically, the hiring freeze and workforce reduction was enacted to balance the 2009 budget. Id. Defendant Commissioners have satisfied the "substantive" (first part) prong of the two-part test.

The constitutional procedural requirements were met when Defendant Commissioners voted on the resolution to enact a Lackawanna County hiring freeze on all government positions. Id. Specifically, Commissioner O'Brien made a motion to pass the resolution, Commissioner Washo seconded the motion, and the motion was unanimously voted on and passed by Commissioners O'Brien, Washo, and Munchak. Id. As such, the Commissioners, acting in their official capacity, satisfied the "procedural" prong of the test. Moreover, on January 30, 2008, Ordinance 190 was passed by a 2-1 vote (Washo and O'Brien voting Yes, and Munchak voting No). See Exhibit "G." As such, County Commissioners engaged in the exact type of "discretionary policymaking decision" implicating budgetary priorities as found in Bogan and Conley.

12

**C.     Plaintiff's Claims Against Defendants Are Barred By the Doctrine Of Qualified Immunity.**

Plaintiff's claims against the Defendants also should be dismissed because the Individual Defendants are entitled to qualified immunity. Government officials are generally entitled to some form of immunity from suits for damages. Harlow v. Fitzgerald, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396, 1982 U.S. LEXIS 139 (1982), Wilson v. Layne, 526 U.S. 603, 609 (1999); Sutton v. Rasheed, 323 F.3d 236, 258 (3d Cir. Pa. 2003); Abdul-Akbar v. Watson, 4 F.3d 195, 201-02, 1993 U.S. App. LEXIS 20940 (3d Cir. Del. 1993). The doctrine of qualified immunity shields government officials performing discretionary functions from liability for civil damages to the extent that "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow, 457 U.S. at 818. Moreover, because qualified immunity bestows complete immunity and not just a defense at trial, it should be resolved at the early stages of a proceeding "so that the costs and expenses of trial are avoided where the defense is dispositive." Saucier v. Katz, 533 U.S. 194, 200 (2001).

The Supreme Court has established a two-pronged analysis to determine whether qualified immunity is applicable. The two factors a court must consider are:  (1) whether the facts make out a violation of a constitutional right; and (2) whether the right at issue was "clearly established" at the time of defendant's alleged misconduct. See Saucier, 533 U.S. 194. Originally, courts were required

under Saucier to consider these two prongs in sequence.  Id.  However, due to practical difficulties encountered by lower courts that were required to apply these two prongs in sequence, the Supreme Court modified this rigid requirement of the Saucier test.  See Pearson v. Callahan, 129 S. Ct. 808 172 L. Ed. 2d 565, 2009 U.S. LEXIS

591, 21 Fla. L. Weekly Fed. S 588 (U.S. 2009). Following Pearson, judges are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  Id. at 818.  See also Bayer v. Monroe County Children and Youth Services, 577 F.3d 186, 2009 U.S. App. LEXIS 18181 (3d Cir. Pa. 2009).

"Whether an official protected by immunity may be held personally liable for an allegedly unlawful official action generally turns on the objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken." Wilson v. Layne, 526 U.S. at 609 (1999). The test for determining whether a right is clearly established in a particular case is "whether it would be clear to a reasonable [defendant] that his conduct was unlawful in the situation he confronted." Id. at 202.  Therefore, "[i]f the law did not put the [defendant] on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." Id.

However, even where the officials clearly should have been aware of the governing legal principles, "they are nevertheless entitled to immunity if, based on the information available to them, they could have believed their conduct would be consistent with those principles." Good v. Dauphin County Social Services for Children and Youth, 891 F.2d 1087, 1989 U.S. App. LEXIS 18883 (3d Cir. Pa. 1989). Thus, the qualified immunity inquiry necessarily requires the Court to examine the defendant's conduct and determine the "objective legal reasonableness of the defendant's actions." Gruenke v. Seip, 225 F.3d 290, 299, 2000 U.S. App. LEXIS 21082 (3d Cir. Pa. 2000). "All but the plainly incompetent and those who knowingly violate the law are protected by qualified immunity." Id. at 299.

In this case, no evidence exists that the County Commissioners knowingly violated the law. Plaintiff's termination and subsequent vacant position were a direct result of government restructuring and cost-cutting measures designed to balance Lackawanna County's budget. See Exhibits "F" and "G." No personal references were made to Plaintiff or her position as the budget cuts affected numerous employees and County residents. See Exhibits "B," "C," "D," "F" and "G." No references to Plaintiff or her position were made when the budget resolution and hiring freeze were passed. See Exhibits "F" and "G."

In <u>Herman v. County of Carbon</u>, 2009 U.S. Dist. LEXIS 27385, 13-15 (M.D. Pa. Mar. 31, 2009) , this Court determined that Carbon County Commissioners were entitled to qualified immunity where the Commissioners' vote to reduce plaintiff's position was based on a request from the County Court's President Judge that was supported by an objectively reasonable analysis of the staffing needs of a judge's office, and that such a request did not violate any clearly established law.

The case at bar is analogous to the facts in <u>Herman,</u> as the Lackawanna County Commissioners were acting upon information and belief that a hiring freeze and budgetary cuts were necessary to balance the 2009 budget. See Exhibit "F" and "G." Therefore, to act upon such information, would not appear to any reasonable person to violate a clearly established right. As such, the County Commissioners, are entitled to qualified immunity.

**D.**     **Plaintiff Is Not Entitled To Punitive Damages Against A Municipality Or Public Officials Acting In Their Official Capacity <u>Under the PHRA Or The ADEA.</u>**

Plaintiff's request for punitive damages  must be dismissed.  First, punitive damages may not be awarded against municipal bodies under 42 U.S.C.§1983. <u>City of Newport v. Fact Concerts</u>, 101 S.Ct. 2748, (1981).  The U.S. Supreme Court recognizes that a suit against individual Defendants in their official capacities is the equivalent of a suit against a municipality that employs them. As such, Lackawanna County and County Commissioners , acting in their official

capacity are immune from punitive damages.  Kentucky v. Graham, 105 S.Ct. 3099, (1985). Therefore, the claims for punitive damages must be dismissed.

Moreover, Plaintiff has clearly failed to provide even a scintilla of evidence that would demonstrate that County Commissioners should be subject to punitive damages individually.  In a §1983 action, a finding of punitive damages requires that the defendant's conduct "is shown to be motivated by evil motive or intent," or "involves reckless or callous indifference to the federally protected rights of others."  Smith v. Wade, 461 U.S. 30, 56, 103 S. Ct. 1625, 75 L.Ed. 2d 632 (1983). In a claim for punitive damages, the plaintiff must show that the defendant "discriminated in the face of a perceived risk that its actions will violate federal law." Ford v. Veterinary Centers of America, Inc., 2001 WL 1152948 (E.D. Pa.) at *6 (citing Kolstad v. American Dental Association, 527 U.S. 526, 536 (1999)). The defendant must act with "malice or reckless indifference to the [plaintiff] federally protected rights." Id.  "The terms 'malice' or 'reckless indifference' pertain to the violation of federal law, not its awareness that it is engaging in discrimination." Id.

As demonstrated herein, County Commissioners passed a resolution which enacted a hiring freeze for local government employ. Moreover, County Commissioners engaged in legislative activity when they passed the 2008 budget which eliminated government positions after determining that it would be in the

best interest of County residents.  There was clearly no evil motive or intent or callous indifference to the protected rights of Plaintiff.  Accordingly, all claims for punitive and emotional distress damages must be dismissed.

**E.    Count II of Plaintiff's Complaint Fails To State A Cognizable Claim For Violation Of The Pennsylvania Human Relations Act.**

Under the Pennsylvania Human Relations Act, individual liability may be imposed against a supervisory employee only for "aiding, abetting, inciting or compelling a discriminatory act," or for "direct acts of discrimination or the failure to prevent discrimination by others." 42 Pa. C.S.A. § 955(e); <u>Davis v. Levy,</u> <u>Angstreich, Finney, Baldante, Rubenstein &</u> Coren, P.C., 20 F. Supp. 2d 885, 887, 1998 U.S. Dist. LEXIS 16083, 8 A.D. Cas. (BNA) 1322 (E.D. Pa. 1998).

Plaintiff does not allege that Defendants were her supervisors nor does she allege that they had any personal involvement with her job performance. For that matter, she does not allege a single personal interaction with any of the defendants at any time. Furthermore, Plaintiff does not allege nor can she prove that there existed any discriminatory animus.

Plaintiff alleges she was replaced by a younger worker "upon information and belief" without support. In fact, the position she held was eliminated. A new position of Deputy Director of Historic Facilities was created under the Arts and Recreation Department. This position was **never filled**; in fact, no interviews were held to fill this position. As such, a court need not consider allegations in the

complaint that constitute unsupported legal conclusions, legal conclusions couched as factual allegations, or conclusory factual allegations devoid of any reference to actual events.  See Twombly, 550 U.S. at 556 (explaining that "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusions couched as a factual allegation'")(quoting Papasan v. Allain, 478 U.S. 265, 286)).

Plaintiff was one of (96) ninety-six employees whose positions were deemed non-essential and terminated. The layoffs were conducted without regard to age, gender, race, ethnicity or any other personal characteristic. The Plaintiff does not and cannot allege that she was singled out or that she was the target of any discrimination.

Defendants respectfully submit that, on the meager facts pled in the complaint, there is no basis to find that this County Commissioners committed direct acts of discrimination against Plaintiff or that they failed to prevent alleged discrimination by others. Defendants, County Commissioners are not alleged to have directly discriminated against Plaintiff. Nor does Plaintiff allege in her complaint that the Defendants, County Commissioners, were even  aware of any alleged discrimination. Defendant County Commissioners respectfully submit that the complaint does not state a cognizable claim for aiding and abetting under the PHRA. The complaint fails to state a cognizable claim under the PHRA, as a matter of law.

**F.    Defendant Lackawanna County Should Be Dismissed Because Plaintiff Has Failed To State A Claim For Which Relief Can Be <u>Granted</u>.**

The County could only have taken the complained of actions by and through the Commissioners. For all the reasons stated above, both claims must be dismissed.

**G.    The Claims Asserted Against the Lackawanna County Commissioners Should Be Dismissed Because They Are Duplicative Of, And Redundant To, The Claims Asserted <u>Against Lackawanna County</u>.**

Lackawanna County and the Lackawanna County Commissioners, O'Brien, Washo and Munchak, are named as defendants in this case. The inclusion of the County Commissioners as parties to this action is redundant, as Lackawanna County would ultimately bear the responsibility for any judgment against the County Commissioners.  See, <u>Satterfield v. Borough of Schuylkill Haven</u>, 12 F. Supp.        2d        423,        431,        1998        U.S. Dist. LEXIS 9931 (E.D. Pa. 1998); <u>Copenhaver v. Borough of Bernville</u>, 2003 U.S. Dist. LEXIS 1315, 16-18, (E.D. Pa. Jan.9, 2003). Accordingly, the Lackawanna County Commissioners,  O'Brien, Washo and Munchak, should be dismissed as parties to this action. <u>Id.</u>

20

To the extent Plaintiff asserts claims against the elected officials of Defendant Lackawanna County in their official capacities, such claims should be dismissed because the claims are the same as the claims against Lackawanna County.  McMillian v. Monroe County, 520 U.S. 781, 117 S. Ct. 1734, 138 L.Ed.2d 1, 1997 U.S. LEXIS 3398, 65 U.S.L.W. 4403, 97 C.D.O.S. 4116, 97 Daily Journal D.A.R. 6901, 10 Fla. L. Weekly Fed. S 523 (1997) (noting that "a suit against a government officer in his official capacity is the same as a suit against [the] entity of which [the] officer is an agent.") (quotation omitted).  Here, because the claims against the individual commissioners are redundant of the claims against Lackawanna County and should be dismissed.  For reasons set forth below, the Plaintiff's claims for punitive damages against the Commissioners individually must be dismissed.

### H.    As Public Officials, the Names of Commissioners O'Brien, Washo and Munchak Should Be Stricken From the Caption.

Plaintiff has individually named the Commissioners suing them in their official capacity. "A public officer who ... is sued in an official capacity may be designated by official title rather than by name." Fed. R. Civ. P. 17(d). Because the Commissioners are elected public officials who, by Plaintiff's own admission control the County, their individual names should be stricken from the caption.

## VI.   <u>CONCLUSION</u>

Plaintiff does not mention whether or not she voted for any or all of the Defendant Commissioners, however, her recourse lies within the political process. The Defendants made a difficult decision to reduce the Count's workforce. They simply did what they were elected to do. They discharged their duties as elected County Commissioners appropriately and properly. Plaintiff has not and cannot plead any allegations to the contrary. Therefore, this case should be dismissed with prejudice.

DEASEY, MAHONEY, VALENTINI & NORTH, LTD.

BY: _____
John P. Morgenstern
Attorney for Defendants,
Lackawanna County and Lackawanna
County Commissioners, O'Brien, Washo
and Munchak
1601 Market Street, Suite 3400
Philadelphia, PA 19103
Tel: (215) 587-9400
Fax: (215) 587-9456
jpmorgenstern@dmvnlaw.com

Dated: March 1, 2010