# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BARBARA COLANGELO

    Plaintiff,

    v.

LACKAWANNA COUNTY and THE LACKAWANNA COUNTY COMMISSIONERS,

    Defendants,

CIVIL ACTION NO. 3:09-CV-02377

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Defendants' Motion to Dismiss. (Doc. 5.) For the reasons discussed more fully below, this motion will be granted in part and denied in part.

## BACKGROUND

The facts alleged in the Complaint are as follows. Plaintiff Barbara Colangelo was employed by Defendant Lackawanna County ("the County") between 1986 and 2008. (Compl. ¶ 11.) Between 2004 and 2008, Plaintiff's position with the County was Director of Historic Facilities; before taking this position, Plaintiff worked as Manager of Sales and Marketing for the County. (Compl. ¶ 15.) As Director of Historic Facilities, Plaintiff consistently received merit raises and letters of commendation and the projects she worked on gained her national and statewide recognition. (Compl. ¶ 19.)

On December 8, 2007, Plaintiff was told by Liz Randol, Chief of Staff for Lackawanna County, that Plaintiff's job was going to be "posted" and that Plaintiff was welcome to re-apply for her job. (Compl. ¶ 16.) Plaintiff's job was advertised in the local newspaper a few days later. (Compl. ¶ 17.) On December 15, 2007, Plaintiff submitted her application and

resume in an attempt to interview for her position. (Compl. ¶ 18.)

By January 3, 2008, Plaintiff had not received a call to schedule an interview. (Compl. ¶ 19.) Plaintiff then called the appropriate County office to inquire about her resume and the possibility of an interview; Plaintiff was told that if she was not interviewed for the position, she would receive a phone call explaining why she had not been called in for an interview. (Compl. ¶ 20.) On January 6, 2008, Randol telephoned Plaintiff and informed that she would be terminated as of noon the following day. (Compl. ¶ 22.)

Plaintiff alleges that Defendants then hired a younger, less qualified individual to perform Plaintiff's job, without considering or interviewing Plaintiff due to her age. (Compl. ¶¶ 23-24.) Plaintiff claims that her experience and success performing her job made her more qualified than the candidates who replaced her and that age was a motivating factor in not being hired or interviewed. (Compl. ¶¶ 25-26.) Plaintiff was born on January 5, 1948, making her sixty (60) years old at the time she was terminated, not hired, and not interviewed. (Compl. ¶¶12-13.)

Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") alleging age discrimination. (Compl. ¶ 3.) A right to sue letter was issued by the EEOC and PHRC on October 27, 2009 and November 17, 2009, respectively. (Compl. ¶¶ 4-5.) Plaintiff then filed the instant complaint on December 3, 2009. (Doc. 1.) The Complaint brings causes of action for age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") (Count I) and the Pennsylvania Human Relations Act ("PHRA") (Count II). On February 15, 2010, Defendants filed the instant Motion to Dismiss. (Doc. 5.) This motion has been fully briefed and is currently ripe for disposition.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not

3

alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

### I.    County Commissioner Defendants

The ADEA provides that it shall be unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). There is no individual liability pursuant to the ADEA. *Hill v. Borough of Kutztown*, 455 F.3d 225, 246 n. 29 (3d Cir. 2006) (citing *Horowitz v. Bd. of Educ. of Avoca Sch. Dist. No. 37*, 260 F.3d 602, 610 n.2 (7th Cir. 2001)). This Court has held that county employees are individual agents of a political subdivision, not employers, and, therefore, are not subject to ADEA liability. *Walters v. County of Schuykill*, 129 F.

4

Supp.2d 726, 730 (M.D. Pa. 2001) (holding County Controller not subject to ADEA liability).

Plaintiff argues that the individual Lackawanna County Commissioner Defendants can still be held liable because the ADEA includes agents of an employer in its definition of "employer." *See* 29 U.S.C. § 630(b)(1). However, most courts have held that personal liability for agents of employers "would place a heavy burden on those who routinely make personnel decisions." *Birbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510 (4th Cir. 1994). Instead, the inclusion of agents in the ADEA's definition of employer is read "as an unremarkable expression of respondeat superior-that discriminatory personnel actions taken by an employer's agent may create liability for the employer." *Id.* As such, civil liability under the ADEA is limited to the employer. *Id.* at 510-11. Likewise, the PHRA has been interpreted to hold only employers liable for violations of that statute. *See Koslow v. Pennsylvania*, 302 F.3d 161, 181 (3d Cir. 2002) (holding PHRA makes "any employer" liable, not "any person," arguably expressing intent to only hold employers liable.)

Thus, the individual Lackawanna County Commissioner Defendants are not proper defendants in an ADEA or PHRA case. Only Plaintiff's employer, Defendant Lackawanna County, may be held liable for violations of these statutes. Therefore, the motion to dismiss will be granted with respect to Defendant Lackawanna County Commissioners.

### II.     **Defendant Lackawanna County**

In order to survive a 12(b)(6) motion on an ADEA claim, a plaintiff need only allege 1) she is over forty (40) years old, 2) she is qualified for the position in question, 3) she suffered from an adverse employment decision, and 4) her replacement was sufficiently younger to permit a reasonable inference of age discrimination. *Hill*, 455 F.3d at 247 (citing

*Potence v. Hazleton Area Sch. Dist.*, 357 F.3d 366, 370 (3d Cir. 2004)). This standard also applies to a PHRA claim for age discrimination. *Id.* (citing *Kautz v. Met-Pro Corp.,* 412 F.3d 463, 466 n.1 (3d Cir. 2005)). One way to create an inference of age discrimination is showing that the plaintiff was replaced by someone substantially younger, regardless of whether the replacement was outside the protected class. *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 313 (1996).

Plaintiff has alleged that she was sixty (60) years old at the time of her termination; this satisfies the first prong. Plaintiff has also alleged that she was qualified for the job in question because she had performed the position admirably for four (4) years prior to her termination. The termination and failure to re-hire are clearly adverse employment decisions. Finally, Plaintiff has alleged that her replacement was under the age of forty (40), making the replacement substantially younger than Plaintiff and permitting a reasonable inference of age discrimination. Therefore, Plaintiff has properly alleged an ADEA and PHRA claim sufficient to survive a 12(b)(6) motion. Therefore, the motion will be denied with respect to Defendant Lackawanna County.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motions to Dismiss will be granted in part and denied in part. An appropriate order follows.


April 14, 2010                                                                          /s/ A. Richard Caputo
Date                                                                                          A. Richard Caputo
                                                                                                  United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA COLANGELO<br><br>　　Plaintiff,<br><br>　　v.<br><br>LACKAWANNA COUNTY and THE LACKAWANNA COUNTY COMMISSIONERS,<br><br>　　Defendants, | CIVIL ACTION NO. 3:09-CV-2377<br><br>(JUDGE CAPUTO) |

## ORDER

**NOW**, this   14th   day of April, 2010, **IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss (Doc. 5) is **GRANTED in part and DENIED in part** as follows**:**

1) The Motion to Dismiss as to Defendants Lackawanna County Commissioners is **GRANTED.**
2) The Motion to Dismiss as to Defendant Lackawanna County is **DENIED*.***

　　　　　　　　　　　　　　　　　　　　 /s/ A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　United States District Judge